114 F.3d 1194
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Grace MARCHESANO, survivor of Robert Joseph Marchesano;
Thomas Marchesano, Sr., Plaintiffs-Appellants,
v.
CITY OF SACRAMENTO, POLICE DEPARTMENT; Arturo Venegas,
Chief of Police; Sharon McClatchy, Detective,
Defendants-Appellees.
 No. 96-15470.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 18, 1997.*
Decided May 22, 1997.
 
 1
 Before: D.W. NELSON and FERNANDEZ, Circuit Judges, and REA, District Judge.**
 
 
 2
 MEMORANDUM***
 
 
 3
 Grace Marchesano, survivor of Robert Joseph Marchesano, and Thomas Marchesano, Sr. ("the Marchesanos") appeal the district court's grant of summary judgment in favor of City of Sacramento Detective Sharon McClatchy. The Marchesanos brought this action under 42 U.S.C. § 1983, alleging that probable cause did not exist to execute a warrantless arrest of Robert Marchesano. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 4
 We review a grant of summary judgment de novo. Bagdadi v. Nazar, 84 F.3d 1194, 1197 (9th Cir.1996). Viewing the evidence in the light most favorable to the Marchesanos, we must determine whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. Id.
 
 
 5
 The district court provided two alternative grounds for its decision: first, that probable cause existed to make the arrest; second, that McClatchy was entitled to qualified immunity. Because we agree that McClatchy was entitled to qualified immunity, we need not reach the question of whether a triable issue of fact existed as to probable cause.[1]
 
 
 6
 Under the doctrine of qualified immunity, Officer McClatchy is shielded from a suit for damages for false arrest if a reasonable officer in her position could have believed the arrest to be lawful in light of clearly established law. See Act Up!/Portland v. Bagley, 988 F.2d 868, 871 (9th Cir.1993); Fuller v. M.G. Jewelry, 950 F.2d 1437, 1442-43 (9th Cir.1991). Thus, in this case we must decide not whether probable cause existed but whether a reasonable officer in McClatchy's position would have believed that there was probable cause to arrest Robert Marchesano. See id. at 1443. Where the underlying facts are undisputed, this issue must be decided by the court, not the jury. Act Up!/ Portland, 988 F.2d at 873.
 
 
 7
 Here, the material facts are not in dispute and fully support the conclusion that it was reasonable for McClatchy to believe that probable cause existed to arrest Robert Marchesano. Juanita Martin reported to the Sacramento police that she had been assaulted by a man named Bob who had done some repair work for her. The next day, Martin's granddaughter notified Robert's employer of the attack, and the employer contacted Detective McClatchy. After locating the initial police report, McClatchy interviewed Martin by telephone. Martin related an account of the incident that was virtually identical to the story she had told in the initial report, and added that she had sustained injuries in the form of severe bruising and broken blood vessels around her eyes. McClatchy then visited Martin, who identified her assailant as Robert Marchesano from a collection of photographs of men with similar features. While the Marchesanos make the innuendo that this visit may never have occurred, they do not present any evidence supporting this suggestion. By contrast, McClatchy testified to the visit in her deposition. Accordingly, there is no triable issue as to whether the visit and the photographic identification occurred. See Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Robert Marchesano was arrested shortly thereafter.
 
 
 8
 The Marchesanos contend that McClatchy could not reasonably have believed that probable cause existed to make the arrest because in the initial report, Martin stated that she was not sure whether the assault had occurred, and the officer who took the initial report did not indicate that he observed any injuries. The Marchesanos also point to other minor discrepancies between the initial report and Martin's subsequent account to McClatchy, and argue that Robert Marchesano should have been interviewed before he was arrested.
 
 
 9
 We need not decide whether the information given by Juanita Martin was itself sufficiently detailed to form the sole support of McClatchy's decision to make the arrest. See Fuller, 950 F.2d at 1444. There is no genuine issue of material fact that McClatchy did more than rely on Martin's account of the incident. McClatchy interviewed Robert Marchesano's employer, who told her that Robert swore in an uncharacteristic fashion when confronted with the accusation.[2] McClatchy's unrebutted deposition testimony indicates that she also prepared a photographic lineup out of which Martin identified Robert Marchesano. In addition, McClatchy testified that she visited Martin in order to observe the victim's reported injuries. Although the Marchesanos rely on the initial police report to dispute whether McClatchy actually observed Martin's injuries, they offer no evidence in support of their innuendo that McClatchy may not have visited Martin. The fact that there is no triable issue as to whether McClatchy took steps to verify Martin's reported injuries is sufficient to sustain a finding of qualified immunity. Under these circumstances, we cannot say that it was unreasonable for McClatchy to order the arrest.
 
 
 10
 The Marchesanos improperly rely on Merriman v. Walton, 856 F.2d 1333 (9th Cir.1988), to argue that McClatchy was required to interview Robert Marchesano before making the arrest. In Merriman, we concluded that summary judgment was not warranted on the issue of whether a police officer had probable cause to make an arrest. The question before us in this case is not, however, whether probable cause existed to make the arrest but rather whether it was reasonable for the officer to conclude that probable cause existed. See Fuller, 950 F.2d at 1442. In addition, while the officer in Merriman had interviewed the arrestee before making the arrest, the arrestee had contacted the authorities himself. Id. at 1334. Moreover, the fact that the victim did not speak with the police before the arrest was made was of key importance. Id. Here, Martin described the incident to the police on several occasions.
 
 
 11
 The Marchesanos' additional arguments are contradicted by the record. The Marchesanos contend that McClatchy's investigative activities were undocumented, but the record includes reports of her interviews with Martin and with Robert Marchesano's employer. The Marchesanos also argue that no evidence of motive existed. Yet in the report of her telephone interview with Martin, McClatchy noted that Martin said she had criticized Robert Marchesano's work immediately prior to the attack. The Marchesanos claim that there is no evidence in the record that photographs of Martin's injuries were taken, or that medical records existed. However, McClatchy noted in her report that she requested photographs to be taken, and that Martin informed her that she had visited a doctor at Kaiser in order to receive treatment for her injuries.
 
 
 12
 Accordingly, we conclude that McClatchy is entitled to qualified immunity.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 The Honorable William J. Rea, United States District Judge for the Central District of California, sitting by designation
 
 
 **
 * This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 At oral argument on the summary judgment motion, the Marchesanos conceded that they could not maintain their claims against the City of Sacramento and Police Chief Arturo Venegas. While both parties are listed on the Notice of Appeal, the Marchesanos do not argue on appeal that either the City or the Police Chief would be liable in the event of a finding that McClatchy was qualifiedly immune. Accordingly, we need not consider the issue. In addition, we decline to consider the Marchesanos' Fourteenth Amendment deprivation of liberty claim, as they appear to have abandoned it on appeal
 
 
 [2]
 While the Marchesanos dispute that Robert behaved in this fashion, they do not dispute the fact that the employer spoke with Robert or that McClatchy discussed Robert's reaction with the employer. In our consideration of whether it was reasonable for McClatchy to believe that probable cause existed to make the arrest, the crucial fact is that McClatchy spoke with the employer about Robert's reaction, not whether the employer gave the correct version of the story